IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIA ANDERSON,

    Plaintiff,

v.

    Civil Action 2:09-cv-474
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

On July 30, 2010, the Court remanded this case to the Commissioner and ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further consideration. (ECF No. 17.) On May 4, 2011, the Court granted Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, awarding Plaintiff the sum of $1900 as attorneys' fees and costs. (ECF No. 22.) This matter is before the Court for consideration of Plaintiff's counsel's August 7, 2012 Motion for Attorney Fees, seeking an additional award of attorneys' fees under 28 U.S.C. § 406(b). (ECF No. 23.) The Commissioner filed a Memorandum indicating that he does not oppose Plaintiff's counsel's request. (ECF No. 24.) For the reasons that follow, Plaintiff's Counsel's Motion is **GRANTED**.

Section 406(b), in relevant part, provides that:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by

>reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Pursuant to this statute, the Court may only award fees for work done at the district court level. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.") Accordingly, to the extent attorneys seek fees for work performed at the administrative level, they should turn directly to the Commissioner pursuant to 42 U.S.C. § 406(a)(1) to obtain them. *Horenstein*, 35 F.3d at 262–63.

In evaluating the reasonableness of requested fees, the Court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable."). When a claimant has entered into a contingency fee agreement entitling counsel to twenty-five percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Id.* at 746. The Court, however, still stands as an "independent check" on the reasonableness of such arrangements. *Gisbrecht*, 535 U.S. at 807.

In assessing the reasonableness of a fee, the Court may consider a variety of factors, including the hours spent in representation and "the lawyer's normal hourly billing charge for

noncontingent-fee cases." *Id.* at 808. The Court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award of from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Even in contingency-agreement cases, the Court may calculate hourly rates in considering whether an award results in a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit, however, has expressed dissatisfaction with the use of an across-the-board, strict hourly rate limitation:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

In this case, in light of the information counsel provided, the Court finds that the counsel's requested fee of $4,762.50 is reasonable. Specifically, Plaintiff's counsel has produced the Notice of Award, setting forth the retroactive amount released directly to Plaintiff; the operative contingency fee agreement, indicating that Plaintiff agreed to pay her counsel twenty-five percent of any past-due benefits award; and counsel's time diaries, indicating that she expended 12.7 hours litigating this matter such that the fees requested would compensate her for her time at the rate of $375 per hour. Further, Plaintiff's counsel represents that she will return any amount of attorneys' fees she has previously received under the EAJA to prevent double recovery. Finally, there is no indication that the time counsel expended was excessive or improperly charged. Based on the foregoing, the Court concludes that the hourly rate, while

-3-

high, does not exceed a reasonable contingent fee rate and does not constitute a windfall.

Based on this analysis, Plaintiff's Counsel's Motion for Attorneys' Fees is **GRANTED**. (ECF No. 23.) Pursuant to 42 U.S.C. § 406(b), counsel is **AWARDED** the sum of **$4,762.50** in fees. Plaintiff's counsel is **DIRECTED** to return the prior award of fees under the EAJA to prevent double recovery.

**IT IS SO ORDERED.**

8-30-2016
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**